

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. E. Wood, Chairman
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-2829
Re: Whether the Game, Fish & Oyster
Commission has authority to en-
force House Bill 518, Acts 46th
Legislature, Regular Session.

We have your letter of October 15th wherein you request our opinion on the question of whether the Game, Fish & Oyster Commission has authority to enforce House Bill 518, passed at the Regular Session of the 46th Legislature.

Said House Bill 518, appearing on page 834 of the Special Laws of Texas, Acts of the 46th Legislature, Regular Session, 1939, reads as follows:

Section 1. "From and after the effective date of this Act it shall be unlawful for any person to engage in fishing from, or to deposit or leave any dead fish, crabs, or bait upon, the road surface or deck of any causeway, or bridge located on any highway which is being maintained by the State Highway Department. Provided that it shall be legal to fish from any section of such structure other than the deck or road surface."

Section 2. "Any person who shall violate the terms of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Dollar ($1) nor more than Fifty Dollars ($50)."

Honorable A. E. Wood, Page 2

Section 3. "The State Highway Commission, through and by its authorized agents or representatives, is hereby instructed to post signs on every causeway, bridge, or structure affected by this Act."

Section 4. "The fact that the practice of fishing from causeways and bridges located on State maintained highways is a great hazard to the welfare of the traveling public and the persons who engage in such fishing creates an emergency and an imperative public necessity demanding that the Constitutional Rule requiring all bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall be in force and effect from and after its passage, and it is so enacted."

The general scope of authority delegated by the Legislature to the Game, Fish & Oyster Commission is that formerly exercised by the Game, Fish & Oyster Commissioner, which authority was defined by Article 4018, Revised Civil Statutes of Texas, 1925, in the following language:

"The duties of the Commissioner shall be in the execution of the laws relating to game, fish, oysters and marine life, and such further duties as are imposed upon him by legislation."

It is our opinion that the enforcement of House Bill 518 does not come within the general scope of the authority vested in the Game, Fish & Oyster Commission for the following reasons:

1. The apparent purpose of the Act is to secure the safety of the traveling public and the persons who fish from bridges and causeways. This purpose is clearly set out in Section 4, or the Emergency Clause of the Act.

2. The fact that the Act expressly permits fishing "from any section of such structure other than the deck or road surface" indicates that the Legislature in passing this Act was not concerned with nor intended to protect marine life, but was concerned solely with the safety of persons.

Honorable A. E. Wood, Page 3

3. The fact that by Section 3 the Legislature imposed a duty upon the State Highway Commission with reference to the accomplishment of the purposes of this Act further indicates that the Legislature did not intend, by House Bill 518, to impose additional duties upon the Game, Fish & Oyster Commission.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

WRK:BBB

APPROVED OCT 25, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

